UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HENRY LEE FOGGY,<br><br>Petitioner,<br><br>v.<br><br>ISIDRO BACA, Warden,<br><br>Respondent. | Case No. 3:12-cv-00672-MMD-VPC<br><br>ORDER |

Petitioner Henry Foggy has submitted a petition for a writ of habeas corpus and paid the filing fee. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of the petition and finds that it must be dismissed without prejudice as discussed herein.

Although the instant petition indicates otherwise, it appears from other documentation available to the Court that petitioner was convicted on March 19, 1996, on charges of First Degree Murder and Ex-Felon in Possession of a Firearm. *See* Exhibit to proposed petition; *see also* Foggy v. State of Nevada, case no. CV-N-02-0619-ECR-RAM; petition, p. 2, item 8.[1] This petition raises claims that are different from those raised in the original petition. Thus it appears that this petition is both untimely and successive.

---

[1] The Court notes that the cases being addressed in both the 2002 case and the instant case are the same: C131343.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Burton v. Stewart,* 549 U.S. 147, 152-53, 127S.Ct. 793, 796 (U.S. 2007) citing *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333 (1996).

Petitioner has apparently not sought leave of the circuit court to file this petition, as he offers no suggestion on that point.  Petitioner further misrepresents the dates upon which his conviction became final and fails to mention his original petition, which was finalized in 2003, falsely indicating that this is his first federal petition. *See* Petition, p. 2, item 6.  The petition shall be dismissed without prejudice and petitioner shall be directed to move in the Ninth Circuit Court of Appeals for leave to file a second or successive petition as required under 28 U.S.C. § 2244(b)(1).

IT IS THEREFORE ORDERED that the Clerk shall FILE AND ELECTRONICALLY SERVE the petition and a copy of this Order upon respondents.

IT IS FURTHER ORDERED that the petition is DISMISSED WITHOUT PREJUDICE.  The Clerk shall enter judgment accordingly.

DATED THIS 24th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE