UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HENRY LEE FOGGY, | Case No. 3:12-cv-00672-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, Warden, | |
| Respondent. | |

Petitioner Henry Foggy's second and successive petition was dismissed without prejudice on those grounds. Dkt. no. 5. Petitioner now moves the Court to reconsider the dismissal, contending that the issuance of an amended judgment of conviction rendered his original judgment void and a nullity. Dkt. no. 8. Respondents have appeared but were not required to respond to the petition. They have not responded to the motion for reconsideration. Petitioner cites to no authority which would authorize his motion or require the Court to reconsider its decision.

The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings. Fed.R.Civ.P. 81(a)(2). Fed.R.Civ.P. 60(b) governs the reconsideration of final orders. That rule permits the Court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any

other reason justifying relief from the operation of the judgment. Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Petitioner has not demonstrated with facts or law that he is entitled to a second habeas review of his 1996 conviction merely because the state court amended his judgment of conviction to correct a clerical error – the omission of a statement as to petitioner's parole eligibility. The Court will not reconsider the previous dismissal of this petition, which was without prejudice. Petitioner may seek leave to file the successive petition from the Ninth Circuit Court of Appeals, as he was previously advised by this Court.

IT IS THEREFORE ORDERED that the Motion for Reconsideration (dkt. no. 8) is DENIED.

DATED THIS 29th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE